**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JAMES RICHARDSON,

     Petitioner,

     v.

D. BERKEBILE, Warden,

     Respondent.

Civil Action No.  09-1513 (HHK)

MEMORANDUM OPINION

Petitioner James Richardson has filed a pro se petition for writ of habeas corpus.  For the reasons explained below, the petition will be dismissed for lack of jurisdiction.

I.  BACKGROUND

Richardson is serving a 50-year term of imprisonment imposed by the Superior Court for the District of Columbia in September 2003 after he was convicted by a jury of six counts of armed robbery and other offenses.  *See* Pet. at 2, ¶¶ 3, 4.  Richardson exercised his right to a direct criminal appeal and moved under Superior Court Rule of Criminal Procedure 35(b) to reduce his sentence, neither of which afforded him the relief he sought.  *See* Pet.'s Mem. at 4-5. In addition, he moved under D.C. Code § 23-110 to vacate his sentence, arguing that the trial court erred when it denied his motion to try each robbery count separately and that his trial counsel's representation was constitutionally defective.  *See* Pet. at 3, ¶ 7.  The motion under § 23-110 was denied, and his appeal therefrom was unsuccessful.  *See id.; see also* Mem. in Supp. of Pet. ("Pet.'s Mem.") at 4.

Here Richardson makes a new argument,[1] "not presented in any other court because such ground was not discovered until subsequent to the disposition of the proceedings in all other courts.  The ground does not qualify as new evidence under the rules of the District of Columbia."  Pet. at 6, ¶ 9.  He argues that because he "does not qualify for litigating a second and successive motion under [§ 23-110]," and the "[a]pplicable statutes of limitation preclude the petitioner from pursuing any other remedies at this time," "a writ of habeas corpus is the only remedy available to the petitioner to test the legality of his incarceration."  Pet.'s Mem. at 17.

## II.  DISCUSSION

Collateral challenges to sentences imposed by the District of Columbia Superior Court must be brought in that court under D.C. Code § 23-110, which has been described as a remedy that is "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence."  *Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such collateral challenges).  A motion for relief under § 23-110 "may be made at any time."  D.C. Code § 23-110(b).  The District of Columbia Superior Court Rules Governing Proceedings Under D.C. Code § 23-110 ("D.C.R.G. 23-110 P.") provide that "[t]he motion shall specify *all* the grounds of relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge."  D.C.R.G. 23-110 P. 2 (emphasis added).  Because the movant is obligated to specify all grounds for relief, "[t]he court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."  D.C. Code § 23-110(e).  A second or successive motion under § 23-110 may be entertained, but also

---

[1]  Richardson alleges that his counsel failed to insist upon argument and a decision regarding a submitted motion in limine to exclude a firearm, and argues for the first time here that such a failure constitutes constitutionally ineffective assistance of counsel.  *See id.* at 5; *see also* Pet.'s Mem. at 12-13.

may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

D.C.R.G. 23-110 P. 9(b).

This Court is prohibited from entertaining a habeas petition from a prisoner under Superior Court sentence bringing a collateral challenge to his conviction and sentence "if it appears that the applicant has failed to make a motion for relief under [§ 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). "[T]he Supreme Court [has] held that the [federal] District Court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence, even after the local remedy, if adequate and effective, has been pursued unsuccessfully." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (citing *Swain v. Pressley*, 430 U.S. 372, 377-78 (1977)). Generally, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with *habeas corpus*." *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992).

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with *habeas corpus.* That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

*Garris v. Lindsay*, 794 F.2d at 726 (*quoting Swain v. Pressley,* 430 U.S. at 382-83) (footnotes omitted). The mere denial of relief by the local courts does not render the local remedy

inadequate or ineffective.  *See id.* at 727; *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.D.C. 1995).

Assuming without deciding that Richardson is correct that he does not qualify for litigating a second and successive motion under § 23-110, and that the applicable statutes of limitation preclude him from pursuing any other remedies at this time, he has not shown that a motion under § 23-110 is inadequate and ineffective to test the legality of his confinement. Rather than showing an infirmity in the local remedy, the record before this Court shows that Richardson did not pursue all the grounds that were available to him with "the exercise of reasonable diligence" when he made his first motion under § 23-110, D.C.R.G. 23-110 P. 2, and as a result may have forfeited his opportunity to do so.[2]  The new grounds that he seeks now to put before this Court for consideration were part of the record from the trial court and readily discoverable long before his first § 23-110 motion was considered and denied.  Therefore, Richardson has not shown that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction and detention.

### III.  CONCLUSION

Because the petitioner has not shown that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction and detention, the habeas petition before this Court must be dismissed for lack of jurisdiction.  An separate final order dismissing this petition accompanies this memorandum opinion.

Henry H. Kennedy, Jr.

Date:  November 2, 2009                    United States District Judge

---

[2]  The Court reiterates that it is not deciding, but only assuming, that Richardson is correct that he is foreclosed from making a successive § 23-110 motion.  *See* Pet.'s Mem. at 17.

4